AO 106 (Rev. 04/10) Application for a Search Warrant

E-FILED
Friday, 24 June, 2022 12:35:34 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

FILED
JUN 0 8 2022
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
CONTENT OF THE SNAPCHAT ACCOUNTS ASSOCIATED WITH USERNAME GALEHURT50 AND THE EMAIL ADDRESS GHurt50@gmail.com INCLUDING COMMUNICATIONS, THAT IS STORED AT PREMISES CONTROLLED BY SNAP, INC.

Case No. 22-MJ-3098

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Content of the Snapchat accounts associated with username GALEHURT50 and the email address GHurt50@gmail.com including communications, that is stored at premises controlled by Snap, Inc., as fully described in Attachment A.

located in the _____Central_____ District of _____Illinois_____, there is now concealed *(identify the person or describe the property to be seized)*:

As fully described in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2252A | Receipt and Possession of Child Pornography |

The application is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ Shane Overby
_____
Applicant's signature

Shane Overby, USSS TFO
Printed name and title

Sworn to before me and signed in my presence.

Date: June 8, 2022

City and state: Springfield, Illinois

s/ Karen L. McNaught
_____
Judge's signature

Karen L. McNaught, United States Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>CONTENT OF THE SNAPCHAT ACCOUNTS ASSOCIATED WITH USERNAME **GALEHURT50** AND THE EMAIL ADDRESS **GHurt50@gmail.com** INCLUDING COMMUNICATIONS, THAT IS STORED AT PREMISES CONTROLLED BY SNAP, INC. | Case No. 22 mj 3098 |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Shane Overby, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Rules of Criminal Procedure for a search warrant for information associated with certain accounts that are stored at premises owned, maintained, controlled, or operated by Snap, Inc. ("Snap"), a social networking company headquartered at 2772 Donald Douglas Loop, North Santa Monica, CA 90405. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a),

2703(b)(1)(A) and 2703 (c)(1)(A) to require Snap to disclose to the government copies of the information, including the content of communications, further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I have been employed as a peace officer with the City of Springfield, Illinois since 1999, a Rochester, Illinois Police Officer from 1998-1999, and sworn as a Special Federal Officer with the United States Secret Service since 2012. During my course of duties, I conduct investigations of violations of federal statutes involving the sexual exploitation of minors, cybercrimes, and child pornography. I have attended training in techniques to identify, search, collect and analyze digital media systems used by child pornographers. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) that were created, stored, distributed, or received via digital systems. As a Special Federal Officer, I am authorized to investigate violations of federal law, including, but not limited to 18 U.S.C. §§ 2251, 2252, 2252A, 2422 and 2423 and to execute warrants issued under the authority of the United States.

3. The facts set forth in this affidavit are based on your affiant's personal knowledge and investigation. The affidavit is also based on knowledge your affiant obtained from other law enforcement individuals, my review of documents related to this investigation, communications with others who have personal knowledge of the events and circumstances described in this affidavit, and information gained through your affiant's training and experience.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2252 (a)(2)(A) (receipt of child pornography), and 2252A (a)(5)(B) (possession of child pornography) have been committed, as described in the Probable Cause section below. There is also probable cause to search the information described in Attachment A for evidence and/or fruits of these crimes further described in Attachment B.

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

6. On February 10, 2022, at 8:39 a.m. Loretta Lawson contacted Sangamon County Dispatch. Loretta stated she has a 14-year-old daughter, referred to hereafter as "LI." Loretta advised on the morning of February 10, 2022, she found her daughter had been receiving messages with an unknown adult male online. She described the messages as "explicit."

7. Springfield Police officers responded to Loretta's address at 124 N 22nd Street, Springfield. Sangamon County, Illinois. Loretta showed officers the messages on LI's cellphone. The conversation contained nude images of the adult male as well as LI.

8. Detective Shawn Daubs and I responded to 124 N 22nd Street. We met with Loretta and saw part of the conversation between LI and the male. The male in the images was an elderly white male with grey hair. The conversation showed the messages to LI's cellphone were originating from the phone number "309-221-2254." Loretta allowed us to take the cellphone and gave consent for a forensic extraction to be performed on it. Loretta also gave us permission to speak with LI.

9. After speaking with Loretta, Detective Daubs and I went to Lanphier High School, where LI is a student. We met with LI in the office

of the school resource officer. During that interview LI told us that approximately two weeks ago she met the male online via the website "Y99."[1] She advised she told the male that she was 14 years old. LI advised she and the male then began communicating via text message. She advised the male requested nude images of her breasts and vagina, which she provided. LI told us she also received images of the male's penis. During the interview LI gave us consent to perform an extraction of the cellphone.

10. A forensic extraction was performed on LI's cellphone. Located in the "Chat" conversation between LI and the white male, we observed nude images of the male, and other images and videos of the male performing sexual acts on himself. We also located what are believed to be nude images and videos of LI. In the body of the conversation LI confirmed to the male she is 14 years old. The male stated he would like to meet with her sometime. On several occasions the male discussed performing sexual acts on her. He repeatedly solicited nude images and/or videos of LI after acknowledging her age. The male also sent internet links to various pornographic videos, including links to websites depicting bestiality and adult pornography and encouraged LI to watch them.

---

[1] Y99 is a chatroom based messaging service.

11. The male's face is visible in some of the images he sent to LI. The images appear to have been taken inside of a residence. Various parts of the residence are visible in the images. One of the images showed part of the exterior of the residence. A partial yard decoration that appears to show the word "Oquawka" can be seen.

12. A records checks showed the telephone number "309-221-2254" is associated with a 71-year-old white male, Gale Hurt. The Illinois State Terrorism Information Center (STIC) advised Hurt's last known address is 1002 Grant Street, Oquawka, Henderson County, Illinois. STIC provided us with a copy of Hurt's driver's license photo. It is the same male shown in the images from the conversation with LI.

13. Contact was made with Chief Edwards of the Oquawka Police Department. He confirmed the address of 1002 Grant Street Oquawka, Illinois was the correct address for Hurt.

14. In the evening hours of February 10, 2022, Investigators from the Illinois State Police assisted by attempting to locate Hurt at his residence. There was no answer at the door and no one appeared to home at the time investigators were there.

15. Henderson County Tax records show 1002 Grant St as Parcel # 03-453-006, owned by Gale E. and Nina Hurt. On February 14, 2022, SSA Cristopher Berry, USSS, drove past 1002 Grant Street Oquawka,

Illinois and observed a vehicle on the property, noting the house appeared to be occupied and/or in use. Agent Berry provided photos of the home taken from the public way.

17. On March 4, 2022, at 9:30 a.m., a search warrant was executed and Hurt was located at his residence. Numerous electronic devices were found and seized. Notably, Hurt's smart phone was recovered. A forensic exam was later conducted on it. The chats between LI and Hurt were located in the text messages on Hurt's smart phone, however, the images were not.

18. Hurt agreed to provide a statement if the statement took place outside where his wife could not hear us speaking. The interview took place in Hurt's driveway, inside a US Secret Service unmarked police vehicle. Springfield Police Detective Shawn Daubs and I were present in the vehicle. Hurt sat in the passenger seat, I sat in the driver's seat, and Detective Daubs sat in the backseat. Hurt was advised the doors to the vehicle were not locked and he was free to stop the interview and exit the vehicle if he wished. I asked Hurt if I could record the interview and Hurt agreed.

19. After being read the Miranda Warnings, Hurt indicated he understood all of his rights, he had no questions regarding his rights, and he gave a clear waiver of his rights before any questions were asked.

During questioning Hurt admitted he knew LI was 14 years when he engaged in chats with her. Hurt also admitted he sent LI nude images and videos of himself masturbating and inserting a flashlight in his rectum, this was consistent with the image that had been located on LI's cellular phone. Hurt admitted he solicited, received, and viewed nude images and videos of LI. Some of the images and videos Hurt received from LI included LI exposing her breasts, exposing her vagina, and LI masturbating with her vagina exposed. These statements were consistent with the images that had been located in the chats between LI and Hurt. Hurt also admitted he sent links to pornographic websites to LI including websites containing bestiality and adult pornography. Furthermore, Hurt admitted that he had deleted the images from his phone because he did not keep "anything like that" on his phone.

20. I asked Hurt if he has been in contact online with other girls under the age of 18 years old. Hurt confirmed that he has. He stated "some young girls" have sent him nude images utilizing the chat features on the applications for KIK, Snapchat, Meetyou.me, and Y99. He stated at least some of those girls were under the age of 18 years old. Hurt stated at least some of these communications took place thorough the social media application "KIK." KIK was a precursor to snapchat. The apps share many of the same features. It is worth noting that snapchat absorbed most

of Kik's market share and the app is mostly abandoned. In my view, this "ghost town" like app would be a place that could be seen as a refuge or safe hiding space, as KIK would be less monitored than snap. Hurt also told us that he has an account with the social media application "Snapchat." Hurt advised his username for his Snapchat account is "GaleHurt50." He stated his username for his KIK account is "BFAvery1948." Hurt said he also chats on a website called MeetYou.Me. Hurt described Meetyou.me as very similar to Y99. Hurt advised he uses the email address of GHurt50@gmail.com to register for social media accounts.

21. Hurt stated that in the past he has sent nude images of himself to girls under the age of 18 years old less than 10 times. He advised he has received nude images of girls whom he knew were under the age of 18 years old approximately 10 to 20 times.

22. Detective Daubs made preservation requests to Hurt's social media accounts for Snapchat, Kik, and Y99 for Hurt's accounts. Snapchat and Kik will preserve the account for 90 days or longer if an extension is requested. Y99 appeared to be operating in India. Y99 acknowledged Detective Daubs request but there are no Law Enforcement guidelines or rules regarding the issue in their privacy policy. Y99 sent a notice they

"would provide account details when compelled to do so" with Foreign or domestic legal process.

## BACKGROUND ON SNAPCHAT

23. Snapchat is a free instant-messaging application for mobile devices. Snapchat uses a mobile device's data plan or Wi-Fi to transmit and receive messages. It allows users to share photographs, videos, and other content. To use this application, a user downloads the application to a mobile phone or other mobile device via a service such as Google Play Store or Apple App Store. The Apple App Store and Google Play store are digital marketplaces where software developers sell their apps. Notably, Apple's market is much more regulated and it is difficult to be published there. The Google store is laced with Malware and malicious content, and has a lower bar for publication. Once downloaded and installed, the user is prompted to create an account and username. The user also has a display name, which is what other users see when transmitting messages back and forth. Once the user has created an account, the user is able to locate other users via a search feature, and via a scan of other Snap users already present in the account holders contact book. Messages, images, and videos can be sent from individual to individual or via group chat.

24. During the registration process, Snap can register the date, time, internet protocol (IP) address, user phone number, user email

address, and device related information. The username is the only unique identifier used by Snap. According to the Snap Law Enforcement Guide, a Snapchat username is unique.

## CONCLUSION

25. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Snap to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

26. Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Snap, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## METHOD OF DELIVERY

27. Snap shall disclose responsive data; if any, by sending it to Detective Shane Overby, 800 E. Monroe Springfield, Illinois 62701 using the US Postal Service or another courier service, notwithstanding 18

U.S.C. 2252A or similar statute or code. Detective Shane Overby can be reached at 217-788-8345 ext 4323 or shane.overby@springfield.il.us

                               Respectfully submitted,
                               s/ Shane Overby

                               Detective Shane Overby
                               United States Secret Service Task Force Officer

Subscribed and sworn to before me this ___8th___ day of June, 2022.

    s/ Karen L. McNaught

KAREN L. McNAUGHT
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
**Property to Be Searched**

This warrant applies to information associated with username **GALEHURT50** and email address **GHurt50@gmail.com** that is stored at premises owned, maintained, controlled, or operated by Snap, Inc, a company headquartered at 2772 Donald Douglas Loop, North Santa Monica, CA 90405.

13

## ATTACHMENT B
## Particular Things to be Seized

I. **Information to be disclosed by Snap (the "Provider")**

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in **Attachment A:**

 a. A complete reconstruction of the aforementioned Snapchat account as of February 10, 2022, as requested in a preservation letter from Detective Shane Overby of the Springfield, IL, Police Department dated same and assigned request #70D82AC01E.

 b. Basic subscriber information consisting of the email address, phone number, Snapchat user vanity name, account creation date, and timestamps and IP addresses for account logins/logouts;

 c. Associated device information for past and present user name;

d. Logs, including sender, recipient, date, and time, concerning the previous Snaps;

e. Stories posted by user; A "story" post is a temporary, typically 24 hour photo or photo upload that automatically deletes

f. Any unopened Chats or those saved by a sender or recipient;

g. Meta-data about the Snaps, Stories & Chats;

h. Content of sent Snaps and messages;

i. Content of Memories;

j. Content of "For my eyes only";"

k. Location based history information (e.g. GPS data and/or assisted based GPS data);

l. Users who are followers/friends of the account holder;

m. Any images or videos the user may have transferred to "for my eyes only", "camera rolls", "screen shots", or any other third party photo/video storage area to which snap chat media can be transferred;

n. Or any information that may be used to identify the user or which may constitute evidence of the offenses in connection with which this search warrant is issued,

15

o. Any and all payment information including credit card or debit card number or bank account number and associated payment information.

p. Name, address, connection records or records of session times and durations;

q. Length of service (including start date) and types of service utilized;

r. Telephone or instrument number or other subscriber number or identity, including any temporarily assigned network and/or IP address;

s. Account history, including terms of service violations, complaints, and customer service calls;

t. Or any information that may be used to identify the user or which may constitute evidence of the offenses in connection with which this search warrant is issued, including violations of 18 U.S.C. §§ 2252 (a)(2)(A) (receipt of child pornography) and 2252A (a)(5)(B) (possession of child pornography).

The Provider is hereby ordered to disclose the above information to the government within 14 days of the issuance of this warrant.

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C §§ 2252 (a)(2)(A) and 2252A (a)(5)(B), including, for each account or identifier listed on **Attachment A**, information pertaining to the following matters:

a. Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

b. Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

c. The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s);

d. Child pornography, and evidence of its production, distribution, receipt, transportation, or possession; the sexual abuse or exploitation of children; and the coercion or enticement of children to engage in sexual activity; and

e. Child erotica images or videos, and/or stories related to the sexual exploitation of children.

## METHOD OF DELIVERY

Snap shall disclose responsive data, if any, by sending it to Detective Shane Overby 800 E Monroe Springfield, Sangamon County, Illinois 62701 using the US Postal Service, another courier service, or Snap's Law Enforcement Service Site, notwithstanding 18 U.S.C. 2252A or similar statute or code. Detective Shane Overby can be reached at (217) 788-8345 Ext. 4323 or shane.overby@springfield.il.us